FILED
2008 Dec-15  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
=============================================================================
              ALABAMA JUDICIAL DATA CENTER          CV 2008 903369.00|
                      CASE ACTION SUMMARY
                        CIRCUIT CIVIL

|
| JUDGE: ALLWIN E HORN III
=============================================================================
                  IN THE CIRCUIT COURT OF JEFFERSON


      SHAUNTIA HARKNESS V. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL

=============================================================================
| FILED: 10/15/2008 TYPE: OTHER TORT          TRIAL: JURY      TRACK:
=============================================================================
| DATE1:            COURT ACTION:                  CA DATE:
| DATE2:            AMOUNT:           $ .00        PAYMENT:
=============================================================================
| PLAINTIFF 001 HARKNESS SHAUNTIA
|              P.O. BOX 130488            ATTORNEY: PHILLIPS WESLEY LEVON
|              BIRMINGHAM, AL 35213       PHI053
|
|              PHONE:
| ENTERED: 10/15/2008  ISSUED:            TYPE:
| SERVED:              ANSWER:                  JUDGMENT:
-----------------------------------------------------------------------------
| DEFENDANT 001 EXPERIAN INFORMATION SOLUTIONS, INC.
|              2000 INTERSTATE PARK DR    ATTORNEY: *** PRO SE ***
|              SUITE 204
|              MONTGOMERY, AL 36109
| ENTERED: 10/15/2008  ISSUED: 10/15/2008 TYPE: CERTIFIED
|              PHONE:
| SERVED: 11/14/2008   ANSWER:                  JUDGMENT:
-----------------------------------------------------------------------------
| DEFENDANT 002 EQUIFAX INFORMATION SERVICES, LLC
|              150 S. PERRY STREET        ATTORNEY: *** PRO SE ***
|              MONTGOMERY, AL 36104
|
|              PHONE:
| ENTERED: 10/15/2008  ISSUED: 10/15/2008 TYPE: CERTIFIED
| SERVED: 11/14/2008   ANSWER:                  JUDGMENT:
-----------------------------------------------------------------------------
| DEFENDANT 003 TRANS UNION, LLC
|              150 S. PERRY STREET        ATTORNEY: *** PRO SE ***
|              MONTGOMERY, AL 36104
|
|              PHONE:
| ENTERED: 10/15/2008  ISSUED: 10/15/2008 TYPE: CERTIFIED
| SERVED: 11/14/2008   ANSWER:                  JUDGMENT:
-----------------------------------------------------------------------------
| DEFENDANT 004 MIDLAND CREDIT MANAGEMENT, INC.
|              2730 GATEWAY OAKS DRIVE    ATTORNEY: *** PRO SE ***
|              SUITE 100
|              SACRAMENTO, CA 95833
|              PHONE:
| ENTERED: 10/15/2008  ISSUED: 10/15/2008 TYPE: CERTIFIED
| SERVED: 11/18/2008   ANSWER:                  JUDGMENT:
=============================================================================
| 10/15/2008  18:29 | COMPLAINT E-FILED.                            AJA
-----------------------------------------------------------------------------
| 10/15/2008  18:30 | COMPLAINT - SUMMONS                           AJA
-----------------------------------------------------------------------------
| 10/15/2008  21:09 | ORIGIN: INITIAL FILING             (AV01)  AJA
-----------------------------------------------------------------------------
| 10/15/2008  21:09 | CASE ASSIGNED STATUS OF: ACTIVE     (AV01)  AJA
-----------------------------------------------------------------------------
| 10/15/2008  21:09 | FILED THIS DATE: 10/15/2008        (AV01)  AJA
-----------------------------------------------------------------------------
| 10/15/2008  21:09 | JURY TRIAL REQUESTED               (AV01)  AJA
-----------------------------------------------------------------------------
| 10/15/2008  21:09 | ASSIGNED TO JUDGE: ALLWIN E HORN III (AV01)  AJA
=============================================================================
DEW   12/09/2008                              CV 2008 903369.00
```

**Exhibit A**

```
                    ALABAMA JUDICIAL DATA CENTER          CV 2008 903369.00
                         CASE ACTION SUMMARY
                           CIRCUIT CIVIL


JUDGE: ALLWIN E HORN III
=================================================================================
                  IN THE CIRCUIT COURT OF JEFFERSON


     SHAUNTIA HARKNESS V. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL

=================================================================================
  FILED: 10/15/2008 TYPE: OTHER TORT          TRIAL: JURY      TRACK:
=================================================================================
  DATE1:                COURT ACTION:                CA DATE:
  DATE2:                AMOUNT:       $.00           PAYMENT:
---------------------------------------------------------------------------------
 10/15/2008  21:09 | CASE SCANNED STATUS SET TO: N              (AV01)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:10 | HARKNESS SHAUNTIA ADDED AS C001            (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:10 | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO    AJA
---------------------------------------------------------------------------------
 10/15/2008  21:10 | EXPERIAN INFORMATION SOLUTIONS, INC. ADDED AS D001   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:10 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:10 | CERTIFIED MAI ISSUED: 10/15/2008 TO D001   (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | EQUIFAX INFORMATION SERVICES, LLC ADDED AS D002      AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | CERTIFIED MAI ISSUED: 10/15/2008 TO D002   (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | TRANS UNION, LLC ADDED AS D003             (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:12 | CERTIFIED MAI ISSUED: 10/15/2008 TO D003   (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:13 | MIDLAND CREDIT MANAGEMENT, INC. ADDED AS D004        AJA
---------------------------------------------------------------------------------
 10/15/2008  21:13 | LISTED AS ATTORNEY FOR D004: PRO SE        (AV02)   AJA
---------------------------------------------------------------------------------
 10/15/2008  21:13 | CERTIFIED MAI ISSUED: 10/15/2008 TO D004   (AV02)   AJA
---------------------------------------------------------------------------------
 10/16/2008  11:10 | AMENDED COMPLAINT E-FILED.                          AJA
---------------------------------------------------------------------------------
 10/16/2008  11:26 | AMENDED COMPLAINT E-FILED.                          AJA
---------------------------------------------------------------------------------
 11/19/2008  10:24 | SERVICE OF CERTIFIED MAI ON 11/14/2008 FOR D003     DEW
---------------------------------------------------------------------------------
 11/19/2008  10:25 | SERVICE OF CERTIFIED MAI ON 11/14/2008 FOR D002     DEW
---------------------------------------------------------------------------------
 11/19/2008  10:53 | SERVICE OF CERTIFIED MAI ON 11/14/2008 FOR D001     DEW
---------------------------------------------------------------------------------
 11/26/2008  12:07 | SERVICE OF CERTIFIED MAI ON 11/18/2008 FOR D004     DEW
---------------------------------------------------------------------------------
                   --------------------------------------------------
                   --------------------------------------------------
                   --------------------------------------------------
                   --------------------------------------------------
                   --------------------------------------------------
=================================================================================
DEW   12/09/2008                                        CV 2008 903369.00
```



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court, this

the_____day of _____ DEC 0 9 2008 20 _____

_Anne-Marie Adams_
CLERK

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for

Plaintiffs Complaint against the Defendant states as follows:

### PARTIES

1.      Plaintiff Shauntia Harkness is an adult resident over 19 years of age and is

competent to bring this action.

2.      Defendant Midland Credit Management, Inc. (hereinafter "Midland Credit") is a

Kansas corporation with its principal place of business located in San Diego, California and was

doing business in Jefferson County, Alabama at all times material to this Complaint.

3.      Defendant Trans Union LLC (hereinafter "Trans Union") is registered in

Delaware with its principal place of business located in Chicago, Illinois and was doing business in

Jefferson County, Alabama at all times material to this Complaint.

4.      Defendant Equifax Information Services, LLC (hereinafter "Equifax") is registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing business in Jefferson County, Alabama at all times material to this Complaint.

5.      Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business located in Orange, California and was doing business in Jefferson County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

6.      In April, 2008, Defendant Midland Credit sued Plaintiff in the District Court of Jefferson County, Alabama, with a case number of DV-2008-1583.

7.      In this suit, Defendant Midland Credit, asserted Midland Credit was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $6,316.84.

8.      A copy of the suit was sent by Defendant Midland Credit to Plaintiff, which stated the following ominous message to Plaintiff regarding the seriousness of the lawsuit: "However, if you, or your lawyer, fail to answer this complaint within 14 days after you receive these papers, a judgment can be taken against you. Once a judgment has been entered against you, your paycheck can be garnished and/or your home or property sold to satisfy that judgment."

9.      In various correspondence Defendant Midland Credit claimed Plaintiff owed differing amounts which fluctuated as follows:

> a. June 23, 2006 - $5,652.16;
>
> b. April 4, 2008 - $6,316.84; and
>
> c. May 13, 2008 - $5,139.03.

10.     Plaintiff denied and disputed the debt.

11.     After being sued, Plaintiff filed an Answer denying the allegations claimed by

Defendant Midland Credit.

12.     The District Court set the case for trial on June 16, 2008. Notice was sent to Defendant Midland Credit and Plaintiff.

13.     The case was tried on June 16, 2008, and based upon a stipulation of facts between Defendant Midland Credit and Plaintiff, a bench verdict was rendered in favor of Plaintiff Shauntia Harkness with court costs taxed to Defendant Midland Credit in the District Court action.

14.     Defendant Midland Credit failed to file for an appeal of the District Court verdict within the required amount of time.

15.     When the time for appeal ran, the District Court verdict was a final adjudication on the merits.

16.     Defendant Midland Credit is not the owner of this alleged debt.

17.     Defendant Midland Credit reported to the credit reporting agencies that Plaintiff owed this money and was in default.

18.     Plaintiff did not owe this money to Defendant Midland Credit.

19.     The debt being collected is a consumer debt as defined by the FDCPA.

20.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

21.     Defendant Midland Credit is a "debt collector" as defined by the FDCPA.

22.     After the verdict at trial by the District Court and the time for appeal ran without Defendant Midland Credit filing an appeal, Plaintiff sent a letter to each national credit reporting agency, Defendants Experian, Trans Union and Equifax, requesting an investigation of the Defendant Midland Credit account that still appeared on Plaintiff's credit reports.

23.     Plaintiff requested the Defendant Midland Credit account be deleted, as Plaintiff

did not owe said account.

24.    Plaintiff requested  Defendants Experian, Trans Union, and Equifax to contact the

Defendant Midland Credit's attorney or the District Court to verify that Plaintiff had indeed won the

lawsuit in order to determine that this account should be immediately deleted from her credit reports.

25.    No Defendant was concerned or cared about what the District Court did in the

case as no Defendant had any intention of performing a reasonable investigation.

26.    In fact, no Defendant performed any type of reasonable investigation.

27.    Defendants Experian, Trans Union, and Equifax notified Defendant Midland

Credit in accordance with the FCRA of the dispute by the Plaintiff.

28.    Alternatively, Defendants Experian, Trans Union, and Equifax did not properly

notify Defendant Midland Credit and, as a part of this failure, did not include all relevant

information provided by Plaintiff in their notification of Defendant Midland Credit. This

includes notification that Plaintiff won the lawsuit in the District Court.

29.    All Defendants failed to properly investigate these disputes, and if Defendants had

properly investigated, the Midland Credit account would have been deleted.

30.    On July 24, 2008, Defendant Trans Union issued the results of its investigation,

which shows the Defendant Midland Credit account with "new information" with a balance of

$5,785, verified in July, 2008, that it is a collection account, and it is disputed by the consumer.

31.    On July 25, 2008, Defendant Equifax issued its results of investigation showing

the Defendant Midland Credit account with a balance of $5,785, last reported in July, 2008, that it

is a collection account, and it is disputed by the consumer.

32.    On July 29, 2008, Defendant Experian issued the results of its investigation,

Report Number 1544815702, and it shows the Defendant Midland Credit account as

"reviewed." Thereafter, on August 21, 2008, Defendant Experian issued a new credit report to Plaintiff showing the Defendant Midland Credit account with a balance of $5,785, with a status of "collection account" and "past due as of July, 2008."

33.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Midland Credit through its District Court trial counsel that Plaintiff won the case at trial) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

34.     The Defendants Equifax, Experian, and Trans Union have proclaimed in the past they were obligated to rely upon whatever the public records state about a consumer.

35.     For example, had Plaintiff not answered the small claims suit and a default judgment was entered, and Plaintiff disputed with the CRAs, Equifax, Experian, and Trans Union would have taken the position that they were bound by the state court judgment which says Plaintiff owes the money.

36.     These same Defendants, however, refused to rely upon what the District Court judge actually rendered in this case, particularly, that Plaintiff Shauntia Harkness prevailed at trial on the merits.

37.     The verdict for Plaintiff Shauntia Harkness means the Plaintiff does not owe the money claimed by Defendant Midland Credit.

38.     The District Court's ruling was a final judgment.

39.     This final judgment was not appealed to the Jefferson County Circuit Court.

40.     There is no avenue for appeal for Defendant Midland Credit of this judgment as the time to appeal has long since passed.

41.     Despite this knowledge, Defendants Equifax, Experian, and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Midland Credit, has told them to say.

42.     Defendants Equifax, Experian, and Trans Union have a policy to favor the paying customer, in this situation Defendant Midland Credit, rather than what the consumer or even a court says about a debt.

43.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

44.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

45.     Defendant Midland Credit has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant Midland Credit knows no balance is owed.

46.     Defendant Midland Credit promises through its subscriber agreements or contracts to accurately update accounts but Defendant Midland Credit has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47.     Defendant Midland Credit has a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

48.     Defendant Midland Credit has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

49.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

50.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

51.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes.

52.     At all relevant times that the Defendants Equifax, Trans Union and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

53.      Defendant Midland Credit  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as

set forth in this Complaint. These violations occurred before, during, and after the dispute process

began with the consumer reporting agencies.

54.     Defendant Midland Credit has taken aggressive actions in a continued effort to

collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt

to third parties, including consumer-reporting agencies such as Equifax, Trans Union, and Experian,

that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

55.     The Defendants, Experian, Equifax, and Trans Union, have failed to maintain

Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate

the accounts in response to the disputes made by Plaintiff.

56.      The conduct of the Defendants has proximately caused Plaintiff past and future

monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future

mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

57.     It is a practice of Defendant Midland Credit to maliciously, willfully, recklessly,

wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and

state law.

58.     It is a practice of Defendants, Experian, Equifax, and Trans Union, to maliciously

willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of

the FCRA, and state law.

59.     All actions taken by employees, agents, servants, or representatives of any type

for any and/or all Defendants were taken in the line and scope of such individuals (or entities')

employment, agency or representation.

60.     All actions taken by any and/or all Defendants were done with malice, were done

willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge

that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

61.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

62.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

63.     Defendant Midland Credit violated the FDCPA in numerous ways, including, but not limited to the following:

   a.     Falsely reporting the debt on Plaintiff's credit reports with at least Experian, Equifax, and Trans Union when Plaintiff does not owe the money;

   b.     Suing the Plaintiff when there was no basis to do so;

   c.     Continuing to assert the suit in state court when Defendant Midland Credit knew, or should have known, there was no basis for doing so;

   d.     Not informing the Plaintiff of the true amount that was allegedly owed by providing Plaintiff with different amounts regarding the same debt; and

   e.     Engaging in collection activities on a debt that Plaintiff does not owe and

that Defendant Midland Credit is not entitled to collect upon.

64.     The violations of the FDCPA by the Defendant Midland Credit is the proximate cause of Plaintiffs' injuries under the FDCPA due to Defendant Midland Credit's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant Midland Credit in an amount of statutory, actual, and/or compensatory damages, together with costs, expenses, and attorneys' fees.

### COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et seq.

65.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

66.     Defendants Experian, Equifax and TransUnion are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

67.     Defendant Midland Credit is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

68.     Plaintiff notified Defendants Experian, Equifax and TransUnion directly of a dispute on the Defendant Midland Credit's account's completeness and/or accuracy, as reported.

69.     The credit reporting agencies failed to delete inaccurate information, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

70.     Plaintiff alleges that at all relevant times Defendants Experian, Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

71.     Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation. All Defendants were given notice the suit was dismissed with prejudice but apparently failed to review the court file, contact the District Court, and/or contact counsel for Defendant Midland Credit.

72.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

73.     All Defendants violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount of statutory, actual, compensatory, and/or punitive damages together with costs, expenses, and attorneys' fees.

## COUNT III

## DEFAMATION

74.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

75.     Defendant Midland Credit published false information about Plaintiff by

reporting to one or more of the Consumer Reporting Agencies (CRAs) the account without showing it as being "disputed".

76.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

77.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

78.     Plaintiff has been damaged as a proximate result of Defendant Midland Credit's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland Credit in an amount of compensatory and punitive damages to be determined by the trier of fact, together with interest from the date of injury, and the costs of this proceeding.

**COUNT IV**

**INVASION OF PRIVACY**

79.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

80.     Defendant Cavalry recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

81.     Plaintiff has been damaged as a proximate result of Defendant Midland Credit's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Midland Credit in an amount of compensatory and punitive damages to be determined by the trier of fact, together with interest

from the date of injury, and the costs of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS
## AND/OR INTENTIONAL CONDUCT

82.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

83.     Defendant Midland Credit has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

84.     Defendant Midland Credit has agreed to follow and understands it must follow the requirements of the FCRA.

85.     Defendant Midland Credit has a duty under Alabama law to act reasonably under the circumstances.

86.     Defendant Midland Credit has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

87.     Defendant Midland Credit violated its duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

88.     Defendants, Trans Union, Experian, and Equifax, violated their duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as these Defendants refused to comply with all the duties these Defendant had or owed to Plaintiff.

89.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, in

an amount of statutory, actual, compensatory, and/or punitive damages together with costs, expenses,

and attorneys' fees.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

s/Wesley L. Phillips
OF COUNSEL

Plaintiff's Address:
Shauntia Harkness
208-G Crabapple Lane
Birmingham, Alabama 35214

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS
FOLLOWS:**

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, California 95833

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.

150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court, this

the _____ day of _____ DEC 0 9 2008 ,20 _____

*Anne-Marie Adams*

CLERK

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANTS EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.

COMES NOW Plaintiff Shauntia Harkness, by and through her undersigned counsel, and hereby requests that Defendants Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter, collectively, "you," "your," and/or "these Defendants"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests these Defendants attach a copy of each and every document referred to in any of the interrogatories or in these Defendants' responses thereto or that these Defendants state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.   INTERROGATORIES:

1.   State whether this Defendant's name correctly is stated in the complaint filed in this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.   State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

   a.   State the address of all business locations of this Defendant;

   b.   Describe the nature of this Defendant's business.

**RESPONSE:**

3.   Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In

addition to identifying said individuals as specified in the instructions above, please include the following:

  (a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

  (b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

  (c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

  4.  Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, as well as any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

  5.  Please state whether you received any requests from Defendant Midland Credit related to pulling Plaintiff's credit reports in connection with your response, please identify the dates of such requests, the manner of the requests, the identifying data connected with the requests, and explain and describe the reasons you allowed Defendant Midland Credit to have access to Plaintiffs' credit reports.

**RESPONSE:**

6.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.     If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.     Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.     If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding

production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," then explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such

opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

14.    State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**

15.    State whether, in the past ten years, you have been named a party defendant in any other lawsuit  involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**

16.    State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**RESPONSE:**

17.     State and fully describe the maintenance of all procedures utilized by you to avoid violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**

**II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.     Admit or deny that you followed all policies and procedures for allowing Defendant Midland Credit to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you intended that other persons or entities would see the credit pulls by Defendant Midland Credit if such other persons or entities reviewed Plaintiff's credit report maintained by you.

**RESPONSE:**

3.     Admit or deny the credit pulls by Defendant Midland Credit do not improve Plaintiff's credit history.

**RESPONSE:**

4.      Admit or deny the credit pulls by Defendant Midland Credit lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

5.      Admit or deny you have not yet deleted the inquiries of Midland Credit from Plaintiff's credit reports.

**RESPONSE:**

6.      Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on her.

**RESPONSE:**

**III.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.      Produce each and every document that refers to the plaintiff.

3.      Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.      Please produce your policy manuals, procedure manuals, or other documents,

which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

      6.    Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

      7.    Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

      8.    Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

      9.    Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

      10.    Please produce all documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

      11.    Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or

government bureau or any Better Business Bureau.

12.    Please produce all documents in your custody, control, or possession evidencing,

relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of

Plaintiff's accounts.

13.    Please produce any and all documents identified, relied upon, and/or referred to by

you in your responses to Plaintiff's interrogatories.

_s/Wesley L. Phillips_____
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,   Alabama 35213
(205) 383-3585  - voice
(800) 536-0385 - facsimile


**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court, this

the _____ day of DEC 0 9 2008 , 20 _____

*Anne-Marie Adams*

CLERK

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| SHAUNTIA HARKNESS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| a corporation; TRANS UNION LLC, | ) | |
| a corporation; EQUIFAX INFORMATION | ) | |
| SERVICES, INC., a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a Corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC.

COMES NOW Plaintiff Shauntia Harkness, by and through her undersigned counsel, and hereby requests that Defendant Midland Credit Management, Inc. (also referred to as "you," "your," and "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests this Defendant attach a copy of each and every document referred to in any of the interrogatories or in this Defendant's responses thereto or that this Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:** These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.    INTERROGATORIES:**

1.    State whether this Defendant's name correctly is stated in the complaint filed in this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.    State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

        a.    State the address of all business locations of this Defendant;

        b.    Describe the nature of this Defendant's business.

**RESPONSE:**

3.    Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the

following:

    (a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

    (b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

    (c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


    4.      Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, relating or

referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your

answer, anticipated answer and/or defenses thereto.

**RESPONSE:**


    5.      State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your database

and that such information is accurately reported to the credit reporting agencies, including

Equifax, Experian, and Trans Union.

**RESPONSE:**

6.      For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

7.      Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.      What is your policy and procedure for pulling credit reports? Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama did you pull in 2007 and how many in 2008?

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


**II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.     Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you told Equifax, Experian, and/or Trans Union that Plaintiff had

given you permission to pull her reports.

**RESPONSE:**

3.      Admit or deny that you knew that pulling Plaintiff's credit reports would

adversely affect Plaintiff's credit worthiness.

**RESPONSE:**

**III.     REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce all documents evidencing, relating, referencing, and/or involving

communications between you and any of the other defendants which regarded or in any way

referenced Plaintiffs and/or any of Plaintiffs' personal identifiers.

2.      Produce all documents that reference, relate, and/or refer in any way to the

Plaintiffs.

3.      Produce all documents evidencing, relating, referencing, involving and/or

constituting communications between you and Plaintiff or anyone acting on or purporting to act

on Plaintiff's behalf.

4.      Produce your policy manuals, procedure manuals, or other documents, which

address your policies, practices or procedures in pulling credit reports during each of

the years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

5.      Produce your policy manuals, procedure manuals, or other documents, which

reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part

thereof) and its revisions or amendments provided to your employees, during each of the

years: 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007 and 2008.

6.      Produce your contract, documents, manuals or other recorded data, concerning

your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.     Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

8.     Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.     Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.    Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.    Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham,  Alabama 35213
(205) 383-3585 - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.
WITNESS my hand and the seal of said Court, this

the _____ day of _____ , 20 _____

DEC 0 9 2008

*Anne-Marie Adams*
CLERK

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| SHAUNTIA HARKNESS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| a corporation; TRANS UNION LLC, | ) | |
| a corporation; EQUIFAX INFORMATION | ) | |
| SERVICES, INC., a corporation; and | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC., a Corporation, | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**       **Trans Union, LLC**
                          **Prentice-Hall Corporation System Inc**
                          **150 S. Perry St.**
                          **Montgomery, AL 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Limestone County, Clerk of Court, 310 West Washington Avenue, Athens, Alabama 35611.

                                     _____

                                     Clerk of Court

Dated: _____

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Equifax Information Services, LLC**
                           **c/o CSC Lawyers Incorporating Service, Inc.**
                           **150 S. Perry Street**
                           **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Limestone County, Clerk of Court, 310 West Washington Avenue, Athens, Alabama 35611.

_____
Clerk of Court

Dated: _____

ELECTRONICALLY FILED
10/15/2008 6:29 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| SHAUNTIA HARKNESS | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )    Case No.: _____ |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| a corporation; TRANS UNION LLC, | ) |
| a corporation; EQUIFAX INFORMATION | ) |
| SERVICES, INC., a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a Corporation, | ) |
| | ) |
|     **Defendants.** | ) |

<u>**SUMMONS**</u>

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Experian Information Solutions, Inc.**
         **c/o The Corporation Company**
         **2000 Interstate Park Drive, Suite 204**
         **Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Limestone County, Clerk of Court, 310 West Washington Avenue, Athens, Alabama 35611.

                                 _____
                                 Clerk of Court

Dated: _____

ELECTRONICALLY FILED
10/16/2008 11:10 AM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **SHAUNTIA HARKNESS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** ) | |
| **a corporation; TRANS UNION LLC,** ) | |
| **a corporation; EQUIFAX INFORMATION** ) | |
| **SERVICES, INC., a corporation; and** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., a Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Trans Union, LLC**
      **Prentice-Hall Corporation System Inc**
      **150 S. Perry St.**
      **Montgomery, AL 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____

ELECTRONICALLY FILED
10/16/2008 11:10 AM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | |
|---|---|
| **SHAUNTIA HARKNESS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Case No.:** _____ |
| ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** ) | |
| **a corporation; TRANS UNION LLC,** ) | |
| **a corporation; EQUIFAX INFORMATION** ) | |
| **SERVICES, INC., a corporation; and** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., a Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

### SUMMONS

This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Equifax Information Services, LLC**
                           **c/o CSC Lawyers Incorporating Service, Inc.**
                           **150 S. Perry Street**
                           **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

_____
Clerk of Court

Dated: _____



ELECTRONICALLY FILED
10/16/2008 11:10 AM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | |
|---|---|
| SHAUNTIA HARKNESS | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | )      Case No.: _____ |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| a corporation; TRANS UNION LLC, | ) |
| a corporation; EQUIFAX INFORMATION | ) |
| SERVICES, INC., a corporation; and | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., a Corporation, | ) |
| | ) |
|     **Defendants.** | ) |

### SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Experian Information Solutions, Inc.**
                         **c/o The Corporation Company**
                         **2000 Interstate Park Drive, Suite 204**
                         **Montgomery, Alabama 36109**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                                     _____
                                     Clerk of Court

Dated: _____

ELECTRONICALLY FILED
10/16/2008 11:26 AM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | Case No.: _____ |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## SUMMONS

    This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **Midland Credit Management, Inc.**
                          **c/o CSC Lawyers Incorporating Service**
                          **2730 Gateway Oaks Drive, Suite 100**
                          **Sacramento, California 95833**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 130488, Birmingham, Alabama 35213. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Court of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                                    _____
                                    Clerk of Court

Dated: _____

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203

FILED IN OFFICE

NOV 17 2008

ANNE-MARIE ADAMS
Clerk

new

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions
2000 Interstate Park Dr.
Suite 204
Montgomery, AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X The Corporation Company ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery
The Corporation Company 11/14/08

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CN 08-903369 Sec

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)   7008 1830 0000 7023 4634

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court, this

DEC 0 9 2008

the_____day of _____,20 _____

CLERK



UNITED STATES POSTAL SERVICE

24 NOV 2008 PM 4 L

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE

Nov 1 7 2008

ANNE-MARIE ADAMS
Clerk

• Sender: Please print your name, address, and ZIP+4 in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO
BIRMINGHAM, ALABAMA  35203

CDEW

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X

☐ Agent
☐ Addressee

B. Received by (Printed Name)
JAMES S. BELLAMY

C. Date of Delivery

1. Article Addressed to:

Equifax Information Services, LLC
150 S Perry St
Montgomery, AL 36104

CV 08-2331 914

D. Is delivery address different from item 1?   ☐ Yes
    If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7008 1830 0000 7022 3942

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court,

this

the _____ day of _____ , 20____

DEC 0 9 2008

CLERK



UNITED STATES POSTAL SERVICE

First Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

14 NOV 2008 PM 3 L

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

NOV 1 7 2008

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

ANNE-MARIE ADAMS
Clerk

CDEW

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union, LLC
150 S Perry St.
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

JAMES S. BELCHER

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV 08 - 903369 Sec

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

[Postmark: MONTGOMERY AL 36104 USPS DOWNTOWN STA  NOV 14 2008]

2. Article Number
   (Transfer from service label)

7008 1830 0000 7022 3959

PS Form **3811**, February 2004          Domestic Return Receipt          102595-02-M-1540



I, Anne-Marie Adams, Clerk of the Circuit Court, of
Jefferson County, do hereby certify that the
foregoing is a true, correct and full copy of
the instrument herewith set out as appears of
record in said Court.
WITNESS my hand and the seal of said Court,
this

the_____day of _____,20 **DEC 0 9 2008**



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL

**01-CV-2008-903369.00**

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $27.00**

Parties to be served by **Certified Mail - Return Receipt Requested**

EXPERIAN INFORMATION SOLUTIONS, INC.                         Postage: $6.75
2000 INTERSTATE PARK DR
SUITE 204                          7008 1830 0000 7023 4634
MONTGOMERY, AL 36109

EQUIFAX INFORMATION SERVICES, LLC                          Postage: $6.75
150 S. PERRY STREET
MONTGOMERY, AL 36104          7008 1830 0000 7022 3942

TRANS UNION, LLC          7008 1830 0000 7022 3959          age: $6.75
150 S. PERRY STREET
MONTGOMERY, AL 36104

MIDLAND CREDIT MANAGEMENT, INC.                         Postage: $6.75
2730 GATEWAY OAKS DRIVE
SUITE 100                        7008 1830 0000 7022 3966
SACRAMENTO, CA 95833

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE

NOV 2 1 2008

ANNE-MARIE ADAMS
Clerk

C-dur

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>LINDA KING |
| 1. Article Addressed to:<br><br>Midland Credit Management, Inc<br>2730 Gateway Oaks Dr., Suite 100<br>Sacramento, CA 95833 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:   ☐ No<br><br>CV 08·903369 Sec |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7008 1830 0000 7022 3966 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1640 |



I, Anne-Marie Adams, Clerk of the Circuit Court, of Jefferson County, do hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in said Court.

WITNESS my hand and the seal of said Court, this

DEC 0 9 2008

the_____day of _____,20____

_Anne-Marie Adams_

CLERK

# STATE OF ALABAMA
**Unified Judicial System**

Revised 3/5/08

01-JEFFERSON - BIRMINGHAM

☐ District Court   ☑ Circuit Court

**ELECTRONICALLY FILED**
12/9/2008 3:51 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Cas...

CV2...

**CIVIL MOTION COVER SHEET**

SHAUNTIA HARKNESS V. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL

*Name of Filing Party:* C001 - HARKNESS SHAUNTIA

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

WESLEY L PHILLIPS

15 Office Park Circle, Suite 206
Birmingham, AL 35223

*Attorney Bar No.:* PHI053

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Pendente Lite |
| | ☑ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:

12/9/2008 3:42:09 PM | Signature of Attorney or Party:

/s WESLEY L PHILLIPS |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/9/2008 3:51 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.: CV-08-903369** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT EQUIFAX INFORMATION SERVICES, INC.

COMES NOW Plaintiff Shauntia Harkness, by and through her undersigned counsel, and hereby moves this Honorable Court to dismiss her claims against Defendant Equifax Information Services with prejudice in the above styled lawsuit, with each party bearing their own costs due to the resolution of said matter between these parties only. For grounds supporting this motion, Plaintiff states to the Court that a Pro Tanto Settlement has been reached and there no longer exists a justiciable controversy between Plaintiff and Defendant Equifax Information Services. It is expressly understood that by entering into this Pro Tanto Settlement Agreement with Defendant Equifax Information Services only, Plaintiff does not dismiss any remaining defendants from the above styled lawsuit.

Respectfully submitted this ___9th___ day of ___December___, 2008.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, or electronic mail through the AlaFile system this  9th  day of  December , 2008.

Midland Credit Management, Inc.
c/o CSC Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, California 95833

Equifax Information Services, LLC
c/o Brian J. Olson, Esq.
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104


s/Wesley L. Phillips
OF COUNSEL



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  WESLEY L PHILLIPS
     wlp@wphillipslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL**
**01-CV-2008-903369.00**

The following matter was FILED on 12/9/2008 3:51:50 PM

**C001 HARKNESS SHAUNTIA**

**PLAINTIFF'S MOTION TO DISMISS**

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      12/9/2008 3:51:50 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  EQUIFAX INFORMATION SERVICES (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/9/2008 3:51:50 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:        12/9/2008 3:51:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  EXPERIAN INFORMATION SOLUTIO (PRO SE)
2000 INTERSTATE PARK DR
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/9/2008 3:51:50 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:     12/9/2008 3:51:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  MIDLAND CREDIT MANAGEMENT, I (PRO SE)
2730 GATEWAY OAKS DRIVE
SUITE 100
SACRAMENTO, CA 95833

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/9/2008 3:51:50 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      12/9/2008 3:51:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To: TRANS UNION, LLC        (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/9/2008 3:51:50 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:        12/9/2008 3:51:50 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:   PHILLIPS WESLEY LEVON
      wlp@wphillipslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/9/2008 3:51:50 PM

**C001 HARKNESS SHAUNTIA**

**PLAINTIFF'S MOTION TO DISMISS**

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      12/9/2008 3:51:50 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

01-JEFFERSON - BIRMINGHAM

☐ District Court   ☑ Circuit Court

**ELECTRONICALLY FILED**
12/11/2008 5:26 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

Case
CV2

SHAUNTIA HARKNESS V. EXPERIAN
INFORMATION SOLUTIONS, INC. ET AL

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* C001 - HARKNESS SHAUNTIA

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
WESLEY L PHILLIPS

15 Office Park Circle, Suite 206
Birmingham, AL 35223

*Attorney Bar No.:* PHI053

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☑ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Costs $ _____ | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>12/11/2008 5:24:39 PM | Signature of Attorney or Party:<br><br>/s WESLEY L PHILLIPS |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
12/11/2008 5:26 PM
CV-2008-903369.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **SHAUNTIA HARKNESS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **Case No.: CV-08-903369** |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) | |
| **a corporation; TRANS UNION LLC,** | ) | |
| **a corporation; EQUIFAX INFORMATION** | ) | |
| **SERVICES, INC., a corporation; and** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., a Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

COMES NOW Plaintiff Shauntia Harkness, by and through her undersigned counsel, and hereby moves this Honorable Court to dismiss her claims against Defendant Midland Credit Management, Inc. with prejudice in the above styled lawsuit, with each party bearing their own costs due to the resolution of said matter between these parties only.  For grounds supporting this motion, Plaintiff states to the Court that a Pro Tanto Settlement has been reached and there no longer exists a justiciable controversy between Plaintiff and Defendant Midland Credit Management, Inc.  It is expressly understood that by entering into this Pro Tanto Settlement Agreement with Defendant Midland Credit Management, Inc only, Plaintiff does not dismiss any remaining defendants from the above styled lawsuit.

Respectfully submitted this   11th   day of   December  , 2008.

s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 130488
Birmingham, Alabama 35213-0488
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
wlp@wphillipslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all parties/attorney(s) of record via either U.S. Mail, postage prepaid, electronic mail, or electronic mail through the AlaFile system this  11th  day of  December , 2008.

Midland Credit Management, Inc.
c/o Tamar Yudenfreund, Esq.
8875 Aero Drive, Suite 200
San Diego, California 92123

Equifax Information Services, LLC
c/o Brian J. Olson, Esq.
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, GA 30309-3521

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL 36104


s/Wesley L. Phillips
OF COUNSEL



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:   WESLEY L PHILLIPS
      wlp@wphillipslaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/11/2008 5:26:42 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:       12/11/2008 5:26:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  EQUIFAX INFORMATION SERVICES (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00**

The following matter was FILED on 12/11/2008 5:26:42 PM

**C001 HARKNESS SHAUNTIA**

**PLAINTIFF'S MOTION TO DISMISS**

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:     12/11/2008 5:26:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  EXPERIAN INFORMATION SOLUTIO (PRO SE)
2000 INTERSTATE PARK DR
SUITE 204
MONTGOMERY, AL 36109

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/11/2008 5:26:42 PM

C001 HARKNESS SHAUNTIA
PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:        12/11/2008 5:26:42 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  MIDLAND CREDIT MANAGEMENT, I (PRO SE)
2730 GATEWAY OAKS DRIVE
SUITE 100
SACRAMENTO, CA 95833

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00

The following matter was FILED on 12/11/2008 5:26:42 PM

C001 HARKNESS SHAUNTIA

PLAINTIFF'S MOTION TO DISMISS

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:     12/11/2008 5:26:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:  TRANS UNION, LLC        (PRO SE)
150 S. PERRY STREET
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00**

The following matter was FILED on 12/11/2008 5:26:42 PM

**C001 HARKNESS SHAUNTIA**

**PLAINTIFF'S MOTION TO DISMISS**

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:        12/11/2008 5:26:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2008-903369.00

Judge: ALLWIN E HORN III

To:   PHILLIPS WESLEY LEVON
      wlp@wphillipslaw.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**SHAUNTIA HARKNESS v. EXPERIAN INFORMATION SOLUTIONS, INC. ET AL
01-CV-2008-903369.00**

The following matter was FILED on 12/11/2008 5:26:42 PM

**C001 HARKNESS SHAUNTIA**

**PLAINTIFF'S MOTION TO DISMISS**

[Attorney: PHILLIPS WESLEY LEVON]

Notice Date:      12/11/2008 5:26:42 PM

**ANNE-MARIE ADAMS**
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov